IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39786-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LUIS ANDRE PEREZ, | ) | |
| | ) | |
| Appellant. | ) | |

JOURDAN, J.P.T.[1] — Luis Andre Perez appeals from his judgment and sentence claiming that, based on his indigency, this court should remand to the trial court with instructions to strike the crime victim penalty assessment (VPA) and to determine whether restitution interest should be waived. The State concedes that the VPA should be struck and defers to this court on the issue of the restitution interest.

This court agrees with Mr. Perez. First, the legislature now prohibits imposition of a VPA on indigent defendants. Because Mr. Perez is indigent and his case is pending on direct review, this court remands to the trial court to strike the VPA. Because Mr. Perez

---

[1] Robert E. Jourdan, an active judge of a court of general jurisdiction, is serving as a judge pro tempore of this court pursuant to RCW 2.06.150(1).

has the ability to move in the trial court to waive restitution interest after his release from custody, in light of judicial expediency this court also remands for the trial court to exercise its discretion on whether to waive interest.

## FACTS

On June 7, 2023, Mr. Perez pleaded guilty to third degree assault. He was sentenced to 30 months' imprisonment. At sentencing, the trial court imposed a $500 VPA and ordered $322 in restitution. The trial court did not indicate on the judgment and sentence whether Mr. Perez was indigent. However, on June 14, 2023, the trial court did find Mr. Perez indigent for the purpose of appeal.

Mr. Perez now appeals.

## ANALYSIS

Mr. Perez argues that the $500 VPA imposed by the trial court should be struck from his judgment and sentence based on recent changes in the law. Mr. Perez further argues that this case be remanded for the trial court to exercise discretion on whether to waive restitution interest based upon his indigency status. The State concedes that this court should remand to strike the VPA. The State also defers to this court on the issue of the restitution interest.

*VPA*

Prior to July 2023, the sentencing court was required to impose the VPA to any adult found guilty of a crime in superior court. Former RCW 7.68.035(1)(a) (2018). In July 2023, the legislature amended RCW 7.68.035 to preclude imposing the penalty assessment "if the court finds that the defendant, at the time of sentencing, is indigent as defined in RCW 10.01.160(3)." LAWS OF 2023, ch. 449, § 1(4). An individual is indigent if they have "compelling circumstances that exist that demonstrate an inability to pay." RCW 10.01.160(3)(d). Statutory amendments related to legal financial obligations (LFOs) generally apply to cases on direct appeal that are not final. *State v. Wemhoff*, 24 Wn. App. 2d 198, 201-02, 519 P.3d 297 (2022). An LFO is finalized only after the termination of all appeals. *Id.* at 202.

Here, the trial court properly imposed the mandatory VPA on Mr. Perez at the time of sentencing because the legislature's amendment to RCW 7.68.035 was not yet in effect. But since this case is pending on direct review, Mr. Perez is entitled to the benefits of the statutory amendment. Though the trial court did not indicate on the judgment and sentence whether Mr. Perez was indigent, one week later, the court found him to be indigent for purposes of appeal. It is hard to imagine that Mr. Perez would be found not indigent one week, and then indigent the following week. Furthermore, as the State points

out, Mr. Perez was incarcerated from 2012 to March 2021, which further supports the inference that Mr. Perez was indigent at the time of sentencing.[2] Lastly, the trial court assigned standby counsel when Mr. Perez brought a motion before the trial court to proceed pro se. For these reasons, it is likely that Mr. Perez was indigent at the time of sentencing. This court is remanding to strike the VPA from the judgment and sentence. Mr. Perez was likely indigent at the time of sentencing and the case is not finalized on appeal.

*Restitution interest*

Amendments to RCW 10.82.090, effective on January 1, 2023, authorized trial courts to elect not to impose interest on restitution based on factors like the defendant's indigency. LAWS OF 2022, ch. 260, § 12(2). Under the amended statute, "[t]he court *may* elect not to impose interest on any restitution the court orders." RCW 10.82.090(2) (emphasis added). Before the court determines not to impose interest on restitution, the court *shall* inquire into and consider several factors, including, but not limited to, whether the offender is indigent, has the available funds, or is homeless. *See* RCW 10.82.090(2). Additionally, "[t]he court *shall* also consider the victim's input, if

---

[2] Mr. Perez was charged via information in this case on January 25, 2022. There was only a short period between his release from incarceration and arrest for the current offense, thus suggesting that he would be found indigent at the time of sentencing.

any, as it relates to any financial hardship caused to the victim if interest is not imposed."

RCW 10.82.090(2) (emphasis added). Lastly, "[t]he court *may* also consider any

other information that the court believes, in the interest of justice, relates to not

imposing interest on restitution." RCW 10.82.090(2) (emphasis added). "After

consideration of these factors, the court may waive the imposition of restitution interest."

RCW 10.82.090(2).

> Furthermore, upon release from confinement and by motion of the defendant,
>
> [t]he court *may*, following the offender's release from total confinement, waive or reduce interest on restitution that accrued during the offender's period of incarceration if the court finds that the offender does not have the current or likely future ability to pay. A person does not have the current ability to pay if the person is indigent as defined in RCW 10.01.160(3). . . .

RCW 10.82.090(3)(c) (emphasis added). Thus, the trial court has discretion to elect not to

impose interest on restitution at the time the restitution order was issued or after release

from confinement upon a motion to the trial court.

Here, the trial court had discretion to not impose interest on restitution at

Mr. Perez's sentencing. As Mr. Perez points out, the trial court did not impose any

nonmandatory[3] LFOs and it may have been possible that the trial court was unaware of

---

[3] The only mandatory LFOs the trial court imposed was the VPA and restitution.

5

the amendment to RCW 10.82.090. At sentencing, the trial court made the following oral

statements:

> THE COURT: Okay. We'll give you copies of that. There is the $500 [VPA]. That's a mandatory . . . fee that the State includes, and there's the $322 in restitution.
>
> . . . .
>
> THE COURT: I can set you at $5 a month. The restitution, that $322, has interest, though, at 12 percent so it goes up pretty fast. If you can pay that off as quickly as possible. The $500 doesn't have interest. So try to get that paid off just so you don't have all that interest.

Rep. of Proc. (Mar. 24, May 26, & June 7, 2023) at 51-52. Here, it does appear

that the trial court had concerns with the high interest rate and notated that the

VPA did not carry interest. It is not clear from the record whether the trial court

knew it had the discretion to waive the restitution interest.

As the State points out, Mr. Perez did not raise the issue at sentencing and

the parties did not discuss a potential waiver of interest. Since the issue was not

preserved at the time of sentencing, the issue is waived under RAP 2.5(a).[4] But as

the State further points out, because Mr. Perez is likely indigent he could also

---

[4] "The appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right." RAP 2.5(a).

No. 39786-6-III
*State v. Perez*

move for remission under RCW 10.82.090(3)(c) upon his release from custody. In light of judicial expediency, this court is remanding to the trial court to also exercise its discretion to determine whether to waive restitution interest, especially since this court is remanding to strike the VPA.

## CONCLUSION

This court remands to the trial court to strike the $500 VPA because Mr. Perez's appeal is yet to be finalized and he was likely indigent at the time of sentencing. Furthermore, this court also remands to give the trial court an opportunity to exercise discretion on the waiver of restitution interest.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Jourdan, J.P.T.

WE CONCUR:

Lawrence-Berrey, C.J.

Fearing, J.

7